UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

    Plaintiff,

    v.

SHERIFF MICHAEL HENNESSEY,

    Defendant.
_____/

No. C 10-2249 PJH

**ORDER DENYING MOTION TO DISMISS**

    Pro se plaintiff Daniel Rodriguez filed this action on May 25, 2010, against defendant Michael Hennessey, Sheriff of the County of San Francisco. Plaintiff, who was in the custody of the Sheriff's Department at various times from November 2009 through March 2010, alleges that on November 4, 2009, he was assaulted and battered by one or more Sheriff's Deputies, including a Deputy J. Aguirre. Plaintiff was released from custody on March 25, 2010.

    Defendant seeks an order dismissing the complaint, arguing that plaintiff failed to exhaust his administrative remedies. At the time that plaintiff was in custody, the Sheriff's Department had in place a written grievance procedure, pursuant to which prisoners with grievances regarding conditions of confinement were required to file a completed grievance form within 45 days of the incident complained of. Plaintiff did not file a grievance within the 45-day period.

    Plaintiff filed an administrative tort claim with the City and County on April 1, 2010,

pursuant to the California Tort Claims Act, Cal. Gov't Code § 910, et seq.  That claim was denied on April 6, 2010, on the ground that the City and County had found "no indication of liability on the part of the City and County."

Although the present complaint does not plead any specific cause of action, the court interprets the complaint as asserting claims of excessive force in violation of plaintiff's rights under the United States Constitution, and possibly as asserting state law claims of assault and battery.

Defendant's position is that the complaint must be dismissed because plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act.  However, the exhaustion requirement applies only to "prisoners."  That is, "only those individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements . . . ."  Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009).  It is undisputed that plaintiff was not in custody at the time he filed the present complaint.  Thus, any federal claims asserted by plaintiff under § 1983 are not barred by plaintiff's failure to exhaust.

In addition, to the extent that plaintiff's complaint can be construed as alleging state tort claims, those claims are not addressed in defendant's motion.

The date for the hearing on defendant's motion, previously set for September 22, 2010, is VACATED.  The case management conference scheduled for September 23, 2010, at 2:00 p.m., will go forward.

**IT IS SO ORDERED.**

Dated: September 9, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge